**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

**CASE NO.:**

BRIAN MOODY,

        Plaintiff,

vs.

EAGLE WOOD MANUFACTURING, INC.,
and JOHN ORZEL,

        Defendants.
_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, BRIAN MOODY, through counsel, sues Defendants, EAGLE WOOD MANUFACTURING, INC. and JOHN ORZEL and alleges the following:

1. This is an action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

2. Plaintiff resides in Broward County, Florida and is a past employee of Defendants.

3. Defendant, EAGLE WOOD MANUFACTURING, INC., (Hereinafter "Eagle Wood") is a Florida corporation which is registered and is conducting business within the State of Florida.

4. At all times material hereto, Defendant EAGLE WOOD was engaged in commerce in the production of patio furniture, and as part of its operations, caused its employees inlcuding Plaintiff to handle materials and further utilized

equipment, tools and that were manufactured in other states and had moved in interstate commerce.

5. At all times material hereto, Defendant EAGLE WOOD was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, JOHN ORZEL was a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, EAGLE WOOD MANUFACTURING, INC.; said Defendant acted and acts directly in the interests of the Defendant, EAGLE WOOD MANUFACTURING, INC., in relation to said co-Defendant's employees. Defendant JOHN ORZEL effectively dominate EAGLE WOOD MANUFACTURING, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant JOHN ORZEL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a paint spray technician.

8. During Plaintiff's employment (specifically from about 9/1/2016 to 03/2/17, Plaintiff accrued damages in the amount of $7,290.00 consisting of unpaid overtime. Exhibit "A."

9. Defendants have knowingly and willfully refused to tender payment of wages owed to Plaintiff full well knowing that he was not exempt from overtime.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12. Plaintiff reavers and realleges paragraphs 1-11 herein.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Rd. – Suite 132
Plantation, FL. 33324
Phone: (954) 585-4878
Facsimile: (954) 585-4886
E-Mail: JLoren@goldbergloren.com

/s/ *James M. Loren*

_____
James M. Loren, Esquire
Bar No.: 55409

| Pay Period Ending | Average Hours Worked | Overtime Worked | Hourly Rate Paid | Amound Owed | Amound Paid | Unpaid Overtime |
|---|---|---|---|---|---|---|
| 3/2/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 2/23/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 2/16/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 2/9/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 2/2/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 1/26/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 1/19/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 1/12/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 1/5/2017 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 12/29/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 12/22/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 12/15/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 12/8/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 12/1/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 11/24/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 11/17/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 11/10/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 11/3/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 10/27/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 10/20/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 10/13/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 10/6/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 9/29/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 9/22/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 9/15/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 9/8/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| 9/1/2016 | 62.5 | 22.5 | $12.00 | $885.00 | $750.00 | $135.00 |
| Total Overtime | | | | | | $3,645.00 |
| Liquidated Damages | | | | | | $3,645.00 |
| Overtime and | | | | | | $7,290.00 |

Exhibit "A"